IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **WINSTON DOUGLAS** | ) |
| | ) |
| | ) **CIVIL ACTION NO:** |
| **Plaintiff,** | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| **KF WATER OF VIRGINIA, LLC** | ) |
| **d/b/a CULLIGAN OF GREATER** | ) |
| **VIRGINIA** | ) |
| | ) |
| Serve: Gary Keats | ) |
| 467 Remount Rd, | ) |
| Front Royal, VA 22630 | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT

Plaintiff, Winston Douglas ("Douglas" or "Plaintiff"), by counsel, for his Complaint against Defendant, KF Water of Virginia, LLC d/b/a Culligan of Greater Virginia ("Culligan" or "Defendant"), alleges as follows:

### THE PARTIES

1. Plaintiff Douglas is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Portsmouth, Virginia.

2. Defendant Culligan is a Virginia corporation that conducts business throughout the Commonwealth of Virginia.

### JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331. Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Prior to instituting this suit, Douglas timely filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on April 1, 2022. A true and correct copy of each Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A."

5. The EEOC failed to resolve the claims and issued a right-to-sue letter dated November 3, 2022. A true and correct copy of the right-to-sue letters are attached to this complaint and incorporated by reference as Exhibits "B". Plaintiff has filed his complaint within 90 days from the date he received his notices authorizing the right to bring this action.

## STATEMENT OF FACTS

6. Plaintiff Douglas is a 40-year-old Muslim male.

7. Douglas began employment with Defendant on August 9, 2021, as a Field Installer and Technician.

8. In early to mid-September 2022, Plaintiff learned that his immediate supervisor, "Chad" (LNU) was defrauding Defendant's customers by selling them used and old products as "brand new" and adding line items to job to increase prices for customers.

9. When confronted by Plaintiff, Chad told Douglas to "stay quiet" and "do your job."

10. Shortly thereafter, on or about September 29, 2021, Plaintiff's immediate supervisor "Chad" told Plaintiff that he was against Muslims entering the US.

11. Chad went on to make multiple additional negative and derogatory comments about Muslims and Islam.

12. Plaintiff told Chad that he was a Muslim and as such he considered Chad's comments disrespectful.

13. Chad expressed surprise and doubted Plaintiff's claim. Plaintiff then showed Chad tattoos to prove to him that he was a Muslim.

14. Immediately after this conversation, Chad began to treat Plaintiff different than his non-Muslim coworkers. For example, Chad repeatedly ignored Plaintiff's requests for job assignments.

15. On or about November 30, 2021, Plaintiff concluded his 90-day probation period. He was then discharged for no specific reason.

## COUNT I
## Religious Discrimination in Violation of Title VII -- 42 USC 2000e *et seq*.

16. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

17. Defendant unlawfully discriminated against Plaintiff based on his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

18. At all times relevant herein, Defendant was an "employer" and Plaintiff was an "employee" under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e, et seq.

19. Defendant treated Plaintiff less favorably than similarly situated non-Muslim employees, subjecting him to discrimination in the terms and conditions of his employment in violation of Title VII.

20. Defendant discriminated against Plaintiff with regard to the terms and conditions of his employment, specifically, with regard to his denial of employment opportunities and eventual termination of employment.

21. The termination of Plaintiff constituted a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

22. The Defendant's conduct was motivated by malice, spite and ill will, was willful and wanton, and evinced conscious disregard for the rights of Plaintiff.

23. Defendant's acts of malice, spite and ill will which evince a conscious disregard for the rights of Plaintiff including treating Plaintiff in a different and unfavorable manner than other non-Muslim co-workers because of his religion.

24. Defendant's conduct was intentional and its violations of federal law were willful.

25. As a direct and proximate result of Defendants' violation of Title VII based on Plaintiff's race, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

26. Plaintiff is entitled to recover his reasonable attorney fees, costs and expert witness expenses pursuant to Title VII

## COUNT II
### Retaliation in Violation of Title VII -- 42 USC 2000e *et seq*.

27. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

28. Defendant adversely affected Plaintiff's employment assignments and opportunities as retaliation for Plaintiff's complaints of religious discrimination to his immediate supervisor, "Chad."

29. Plaintiff's opposition to Defendant's retaliation constitutes protected activity.

30. The effect of the events described above has been to deprive Douglas of equal employment opportunities in retaliation for exercising his federally protected rights.

31. Defendants' conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

32. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

33. Plaintiff is entitled to recover his reasonable attorney fees, costs and expert witness expenses.

## COUNT III
### Religious Discrimination in Violation of Section 1981
(42 U.S.C. § 1981)

34. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

35. Defendant intentionally discriminated against Plaintiff, who is a Muslim.

36. Defendant religiously discriminated against Plaintiff in interfering with the wages, benefits, privileges, terms and conditions of the Plaintiff's employment relationship with Defendant.

37. Defendant discriminated against Plaintiff in that he was a member of a protected class, an adverse employment action occurred and similarly situated non-Muslim coworkers of Plaintiff were treated differently.

38. As a result of the religious discrimination, Defendant deprived Plaintiff of constitutional and statutory rights.

39. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

40. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and statutory and common law rights of Plaintiff.

## COUNT IV
**Retaliation Violation of Section 1981**
(42 U.S.C. § 1981)

41. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

42. As alleged above, Plaintiff engaged in protected activity under 42 U.S.C. § 1981 when he complained of religious discrimination.

43. As a result of Plaintiff's aforesaid religious discrimination complaints, Defendant retaliated against Plaintiff by discharging him from his employment.

44. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

45. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the legal rights of Plaintiff.

## COUNT V
**Religious Discrimination in Violation of Virginia Human Rights Act**
(Va. Code § 2.2-3900 *et seq.*)

46. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

47. Va. Code § 2.2-3905 prohibits any employment practice that discriminates against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's religion.

48. Defendants discriminated against and discharged Plaintiff on the basis of his religion in violation of Va. Code § 2.2-3905(B)(1)(a) and (b).

49. A cause of action in this Court lies under Va. Code § 2.2-3908(A) and Plaintiff prays that he be awarded the full extent of damages available to him thereunder including but not limited to compensatory and punitive damages, reasonable attorney fees and any permanent or temporary injunctive relief as this Court may deem appropriate and/or necessary

## COUNT VI
### Retaliation in Violation of Virginia Human Rights Act
(Va. Code § 2.2-3900 *et seq.*)

50. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

51. Va. Code § 2.2-3905 prohibits any employment practice that constitutes retaliation for Plaintiff asserting his rights under state or federal law(s).

52. Defendants retaliated against Plaintiff by terminating Plaintiff's employment, in violation of Va. Code § 2.2-3905.

53. A cause of action in this Court lies under Va. Code § 2.2-3905(B)(7) and Plaintiff prays that he be awarded the full extent of damages available to him thereunder including but not limited to compensatory and punitive damages, reasonable attorney fees and any permanent or temporary injunctive relief as this Court may deem appropriate and/or necessary.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Winston Douglas, prays for entry of judgment in favor of Plaintiff and against Defendant, , KF Water of Virginia, LLC d/b/a Culligan of Greater Virginia in the form of the following relief:

    a.    Back Pay;

    b.    Front Pay;

    c.    Compensatory Damages;

    e.    Interest;

    f.    Attorneys' fees and court costs associated with this suit; and

    g.    Other such relief as may be appropriate to effectuate the purpose of justice.

Date: January 23, 2023                  Respectfully submitted,

                                          WINSTON DOUGLAS

                                          __/s/_Todd M. Gaynor_____
                                          Todd M. Gaynor, Esquire
                                          Virginia Bar No.: 47742
                                          GAYNOR LAW CENTER, P.C.
                                          440 Monticello Avenue, Suite 1800
                                          Norfolk, Virginia 23510
                                          PH: (757) 828-3739
                                          FX: (75) 257-3674
                                          EM: tgaynor@gaynorlawcenter.com

                                          *Counsel for Plaintiff*